NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID L. JOHNSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1853

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-775, Judge Margaret C. Bartley.

---

Decided: October 2, 2019

---

DAVID L. JOHNSON, Portland, OR, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, PLAGER, and STOLL, *Circuit Judges.*

PER CURIAM.

David L. Johnson ("Johnson") appeals from a decision of the United States Court of Appeals for Veteran Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") that denied his claim for entitlement to service connection for left and right knee disabilities. We dismiss for lack of jurisdiction.

## BACKGROUND

Johnson served on active duty in the U.S. Army from June to December 1977. In November 1977, Johnson injured his right knee after falling down stairs at his barracks. He was diagnosed with a collateral ligament strain. Johnson was given light duty and placed on crutches for two to three weeks.

In October 2010, Johnson filed a claim for service connection for a bilateral knee condition.[1] In a written statement filed as part of his claim, Johnson stated that his right-knee disability was due to the in-service injury and his left-knee disability resulted from him favoring his right knee ever since.

In March 2011, Johnson underwent a VA examination. In his report, the examiner concluded that while Johnson suffered from knee disabilities, there was no "nexus" between the current status of Johnson's knees and Johnson's in-service injury. J.A. 29. The examiner noted that Johnson had worked physically laborious jobs after leaving the Army, had an intervening injury while playing basketball that resulted in arthroscopic surgery, and for 13 years after

---

[1] Johnson also claimed entitlement for an unrelated back disability sustained in 1975. He does not raise this claim on appeal.

the surgery had "excellent range of motion" and only "generalized aches." *Id.* Thus, the examiner concluded that Johnson's current knee status was "not at least as likely as not related to [his] service." *Id.*

Johnson appealed to the Board. The Board agreed with the examiner, concluding that Johnson's knee condition had no service connection. The Veterans Court affirmed the Board. Johnson now appeals to this court.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is limited. Title 38, Section 7292(a) provides that this court may only review a decision of the Veterans Court with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, Section 7292(d) requires that we dismiss the appeal.

This appeal involves neither constitutional issues[2] nor the validity or interpretation of any statute or regulation. Instead, Johnson argues in his informal brief that his knee suffers from the "same injury" as the one he sustained while in service, and that he now has problems with his other knee because he had to use that knee instead of the injured knee. Appellant's Informal Br. Resp. No. 3, 5. This argument merely challenges the Board's factual

---

[2]     Johnson indicates in his brief that the Veterans Court "decide[d] constitutional issues." Appellant's Informal Br. Resp. No. 3. However, Johnson does not identify any such constitutional questions, and the Veterans Court opinion mentions no such issue.

determination that Johnson's knee status is not service connected, and we lack jurisdiction to review it. *See* 38 U.S.C. § 7292(d)(2)(A). Johnson's arguments that the Veterans Court "failed [in] giving [him the benefit of] the doubt" with respect to his knee injuries, Appellant's Informal Br. Resp. No. 4, and failed to satisfy the "duty to assist," J.A. 4, in the context of this case are just additional, unreviewable challenges to the Board's factual determinations.

## DISMISSED

### COSTS

No costs.